Filed 6/29/23  Yolo County Public Guardian v. O.R. CA3
<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| Conservatorship of the Person and Estate of O.R. | C097074 |
| YOLO COUNTY PUBLIC GUARDIAN,<br><br>Petitioner and Respondent,<br><br>v.<br><br>O.R.,<br><br>Objector and Appellant. | (Super. Ct. No. MH-2018-014) |

Appointed counsel for appellant O.R. filed an opening brief under *Conservatorship of Ben C*. (2007) 40 Cal.4th 529 (*Ben C.*) setting forth the facts of the case.  O.R. was advised by counsel of the nature of the opening brief, as well as her right to file a supplemental brief.  O.R. did not file a supplemental brief.

We will dismiss the appeal.  (*Ben C., supra*, 40 Cal.4th. at p. 544.)

1

BACKGROUND

On April 26, 2018, the trial court ordered a one-year conservatorship for O.R. under the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.). The trial court subsequently extended the conservatorship a number of times.

On April 28, 2022, the Yolo County Public Guardian (Public Guardian) sought another renewal of O.R.'s conservatorship, along with a temporary extension pending trial.

At trial, the Public Guardian called Dr. Alison Steffensen, who testified as an expert. O.R. refused to speak with Dr. Steffensen, but the doctor reviewed records from North Valley Behavioral Health, Yolo County Health and Human Services (HHSA), the Public Guardian, Canyon Manor (a previous placement), and Crestwood (O.R.'s placement at the time). Dr. Steffensen also interviewed O.R.'s psychiatrist, a nurse practitioner at Crestwood, and an HHSA clinician about O.R.'s diagnosis, behavior, and history. Dr. Steffensen opined that O.R. was experiencing "schizoaffective disorder and amphetamine use disorder."

In the prior quarter, O.R. had experienced hallucinations. Although she had been maintained in a locked facility, she left her placement without authorization more than once. After one incident, O.R. complained she was pregnant with a robot and that people were trying to kill her. O.R. has used methamphetamine after leaving her placement and the drug increases her delusions. Dr. Steffensen said O.R. is unable to care for herself and has poor insight into her mental illness. According to Dr. Steffensen, O.R. should be maintained in a locked facility to keep her safe.

O.R. admitted she has a substance abuse problem but testified she can care for herself and she would continue taking her prescribed medication. She said staff at her previous placement drugged her with elephant darts.

The trial court renewed the conservatorship.

2

## DISCUSSION

In *Ben C*., the California Supreme Court concluded that the procedures referenced in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 are not required in the appeal of a conservatorship under the LPS Act.  (*Ben C., supra*, 40 Cal.4th at pp. 536-537.)  Here we decline to review the record for error.

## DISPOSITION

The appeal is dismissed.


                                        /S/
                                MAURO, Acting P. J.



We concur:



        /S/
KRAUSE, J.



        /S/
EARL, J.